428    APPELLATE COURTS OF ILLINOIS.

Svenska Nat. F. i C. v. Swedish Nat. Assn. et al., 205 Ill. App. 428.

Svenska National Förbundet i Chicago (Complainant), Appellee, v. Swedish National Association and Othelia Myhrman (Defendants).
Swedish National Association (Cross Complainant), v. Svenska National Förbundet i Chicago (Cross Defendant).
On Appeal of Swedish National Association, Appellant.

Gen. No. 22,769.

1. CORPORATIONS, § 61*—*what is right of corporation to acquire different name by usage or prescription.* Where a corporation has been given a corporate name by its charter, it cannot at the same time acquire, either by usage or prescription, a legal right to a different corporate name.

2. CORPORATIONS, § 50*—*when evidence is sufficient to show that charitable corporation has ceased to exist.* On a bill by a corporation having the name of "Svenska National Förbundet i Chicago," to restrain the use by the defendants, Swedish National Association and an individual, of the names "Svenska National Förbundet," or "Svenska National Förbundet, Chicago, Illinois," or "Svenska National Förbundet i Chicago," which were the Swedish equivalent for the name of the complainant, where the question was which of the complainant and defendant corporations had the right to use the said name in the Swedish language, and where it appeared that the individual defendant for some years preceding the filing of the bill had conducted a private business under the name of the defendant corporation; that for several years there was an utter failure upon the part of the defendant corporation to comply with the statutes relating to the organization of corporations not for profit, and no effort was made to comply with the beneficent purposes of such corporation, and the evidence disclosed a purpose to use such corporation or its name in money-making ventures directly opposed to the charitable purposes for which it was organized, *held* that the evidence was sufficient to sustain the finding that the defendant corporation had ceased to exist some years before the filing of the bill.

3. TRADE-MARKS AND TRADE NAMES—*when corporation may not use equivalent in foreign language of trade name.* On a bill to restrain the use by the defendants of the name of the complainant, a corporation not for pecuniary profit, where the question was,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

which of the parties, the complainant, Svenska National Förbundet i Chicago, or the defendant, Swedish National Association, had the legal right to use the name "Svenska National Förbundet i Chicago" or "Svenska National Förbundet," or "Svenska National Förbundet, Chicago, Illinois," and it appeared that the words "Swedish National Association" were the equivalent of the Swedish words "Svenska National Förbundet," and that the names which constituted the real basis of the controversy had almost the same meaning, *held* that the defendant had no right to use any but its corporate name, and therefore had no right to use the Swedish equivalent for its corporate name.

4. CORPORATIONS, § 61*—*when corporation cannot acquire title to other than corporate name.* If a corporation uses a name other than its corporate name, it can acquire no legal title to the latter, however extensive such use may have been.

5. EQUITY—*when cross-bill is properly dismissed.* Where upon the issues raised by the original pleadings it is determined that the complainant is entitled to the relief prayed against the defendant, and the determination of that question necessarily· involves a consideration of every relief sought by the defendant in his cross-bill, the sustaining of a demurrer to and consequent dismissal of the cross-bill is proper.

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 30, 1917. *Certiorari* denied by Supreme Court (making opinion final).

CHYTRAUS, HEALY & FROST, CHARLES P. LINDER and JOHN PETER BARNES, for appellant.

JOSEPH G. SHELDON, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Cook county in favor of the complainant, Svenska National Förbundet i Chicago, and against the defendants, Swedish National Association and Othelia Myhrman, and from an order of the Circuit Court sustaining a demurrer to the cross-bill filed in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cause by the defendant Swedish National Association. The appeal is prosecuted by the association alone.

The bill of complaint was filed May 11, 1914, by the complainant against both defendants, in which bill it was charged that on October 10, 1913, the complainant was organized as a corporation, not for pecuniary profit; that ever since the date of its, complainant's, organization the defendant Swedish National Association had used the name Svenska National Förbundet i Chicago, and that said defendant had endeavored by the use of such name to create the belief among the people of Chicago that the complainant association had unfairly and with a view to misleading the public used the name Svenska National Förbundet. The cross-bill of the defendant association was filed January 29, 1916. The defendants answered the bill of complaint, and the cause was referred to a master in chancery to hear evidence and to report thereon his conclusions of law and fact.

On January 31, 1916, the master filed his report. A large volume of testimony and documentary evidence was introduced in the hearing before the master; exceptions thereto were filed and argued; the report of the master together with the exceptions and objections were subsequently filed in court. On April 22, 1916, the court entered a decree ordering that the defendants be perpetually enjoined from using the name Svenska National Förbundet or Svenska National Förbundet i Chicago, in advertising or in any manner whatsoever. The court further ordered that the general demurrer of the complainant to the cross-bill of the defendant association be sustained, and the association electing to stand by its cross-bill, the court decreed that the cross-bill be dismissed for want of equity.

While the record here is very long and the questions of law and fact have been elaborately argued by coun-

sel, the case really presents for determination but one principal question, and that is, which of the parties, the complainant, Svenska National Förbundet i Chicago, or the defendant, Swedish National Association, has the legal right to use the name "Svenska National Förbundet i Chicago," or "Svenska National Förbundet," or "Svenska National Förbundet, Chicago, Illinois."

The complainant corporation was organized in October, 1913, under the name Svenska National Förbundet i Chicago. The defendant corporation was organized May 25, 1894, under the name Swedish National Association. The charter of this defendant was amended on December 31, 1896, but the articles of incorporation and the certificate of change of purpose and object of the defendant corporation above referred to were not filed, in accordance with the statutes of the State of Illinois, in the office of the Recorder of Deeds of Cook County until January 6, 1914. Originally the defendant association was organized for the purpose of promoting the temperance, morality and temporal welfare of the Swedish people of Chicago. This corporation, as we gather from the evidence in the record, was made up of delegates or representatives of many Swedish organizations existing in the City of Chicago.

It is charged in the bill of complaint that the words "Swedish National Association" are the equivalent of the Swedish words "Svenska National Förbundet." There is some intimation in the record that the Swedish word "förbundet" is the equivalent of the English word "association" or "federation," but it seems to be conceded that the names which constitute the real basis of the controversy have almost the same meaning. It is alleged in the answer filed by the defendant association, as also in its cross-bill, that for many years following its organization it had pro-

moted picnics, festivals, fairs and other entertainments which were patronized almost exclusively by persons of Swedish birth or parentage; that the Swedish equivalent of the word "Swedish" is "Svenska"; that the Swedish equivalent of the word "National" is "National," and that the Swedish equivalent of the word "Association" is "Förbundet"; that the Swedish people of Chicago, in using the name of the defendant association, had usually given it the Swedish form of "Svenska National Förbundet"; that the name "Svenska National Förbundet" has at all times since the date of the organization of defendant corporation been used by it, its members and its patrons, and that it was generally known by the Swedish people throughout Chicago by such name.

The evidence heard by the master tends to disclose that about ten years after the organization of the defendant association, the defendant Othelia Myhrman became active in its affairs; that in the year 1904 the defendant association introduced the sale of intoxicating liquors at certain of its festivals, and that thereafter, about the year 1912, the defendant association, which had formerly conducted a free library and a free labor bureau, began the business of selling books and of operating its labor bureau for profit. The charter of this corporation as amended gives the purposes of the association as follows:

"1.   To promote temperance, morality and temporal welfare among the Swedish-American people of Cook County;

"2.   To maintain a free labor bureau and library;

"3.   To be of mutual aid and assistance in enforcing the legal rights of such persons as its members may designate."

It is shown by the evidence that following the year 1904, at the time the sale of liquors referred to began, such controversy arose among the members of the defendant association concerning this practice, and

also that during the years 1909, 1910, 1911 and 1912, many, if not quite all, of the members of the organization withdrew therefrom; the complainant, as stated, was organized in the year 1913. There is some conflict in the evidence with reference to this history of the defendant association, but we think there can be small doubt that the defendant Othelia Myhrman became the controlling spirit of the defendant, and that during the years just preceding the filing of the bill of complaint she, in fact, conducted a private business under the name of the defendant association. The record fails to disclose that any meetings were held by the defendant during several years prior to the filing of the bill; no officers were elected, and not much effort was made to comply with the beneficent purposes of the organization; there was an utter failure upon its part to comply with the statutes relating to the organization of corporations not for profit; and from the whole record we are of the opinion that whatever may be said about the actual use of the name or names in question, the defendant association had no legal or actual existence for several years prior to the filing of the bill. There is evidence in the record from which we think the master was justified in finding, as he did, that the defendant Othelia Myhrman for some years prior to the filing of the bill had used the name of the defendant association as her individual property. The evidence does disclose a purpose to use the corporation, or its name, in money-making ventures directly opposed to the charitable and praise-worthy purposes for which it was organized.

The evidence touching these controverted questions is voluminous; it would serve no useful purpose to indicate all of this evidence; it is sufficient to say that we are convinced from our examination of it that the master who heard the evidence, and the chancellor who confirmed his report, had ample reason for the

finding that the defendant corporation had ceased to exist some years before the bill was filed.

We do not think that there is great merit in the contention that because it was shown that the name "Svenska National Förbundet" had been used by the defendant association, or by the defendant who used the corporate name in the transaction of her business, entitles either of the defendants to any relief in a court of equity. Even if it be assumed, as urged, that the corporation defendant had used complainant's corporate name in the transaction of its business, it had no legal right to use such name; the law had conferred upon it a legal name and title, by which alone it was authorized to transact business; it had no express or implied authority to use any other name, and if it in fact did use such other name it could acquire no legal right thereto, however extensive such use may have been. Paragraph 220 of chapter 38, Revised Statutes of Illinois (J. & A. ¶ 3858), directly prohibits a corporation from transacting any business under any other or different name than that conferred upon it by its articles of incorporation. We are inclined to agree with the contention that if the defendant corporation had the power to use without authority of law a name different from its legal corporate name, it would have the right to use an indefinite number of such names. We think it clear that the exercise of any such practice is against the public policy of the State.

In *Sykes v. People,* 132 Ill. 32, the Supreme Court held that where a corporation has been given a corporate name by its charter, it cannot at the same time acquire, either by usage or prescription, a legal right to a different corporate name.

So far as this record shows, the name Svenska National Förbundet i Chicago was first legally acquired by the complainant. The words that go to make up

the names Svenska National Förbundet and Swedish National Association are in no sense similar except in meaning; they are clearly distinguishable; the words that go to form each name are, when translated, nearly synonymous, but in spelling, language and sound they are not at all alike. It should be borne in mind that we are dealing here with proper names, and that the very essence of a proper name is that it identifies the individual without necessarily indicating anything of its or his character.

Our attention has not been called to any case where it has been determined that a corporation has a right not only to the actual name given to it by its articles of incorporation but also to a translation of such name into a foreign language. We do not think, when consideration is given to the fact that corporate names, like all other proper names, serve only the purposes of identification, that there is much merit in the contention made that the defendant association has a legal and exclusive right to the Swedish translation of its corporate name.

It is also urged that the trial court erred in directing in the decree a dismissal of the defendant corporation's cross-bill. It was the duty of the defendant to have used due diligence in seeking the affirmative relief by its cross-bill which it asserts at this time it is entitled to. The bill of complaint was filed on May 11, 1914; the cross-bill was not filed until January 29, 1916. No reason is given for this long delay. As a matter of fact, no new issue is presented in the cross-bill. The material allegations of the cross-bill and the answer of the defendant corporation are substantially the same. As stated by counsel for cross complainant, the cross-bill was filed so that defendant might obtain affirmative relief on the evidence that had already been heard. The cross-bill was properly filed on the day in question, but as it pre-

sents no new issues either of law or fact, and as it is not contended that a determination of the rights of the cross complainant under it would require a hearing of any further evidence, we are unable to see how the defendant association can complain of this action of the trial court.. A general demurrer was filed by complainant to this cross-bill, and in the decree it appears that this demurrer was sustained. Whatever the form by which the questions raised by the filing of the cross-bill were presented to the trial court, it is clear upon the face of the record that the cross-bill, after the issues presented by the original bill of complaint and the answers had been determined, was in legal effect eliminated from the cause. It might have been more correct practice to have stricken the cross-bill from the files. Upon the issues raised by the original pleadings it was properly determined that the complainant was entitled to the relief prayed by it against the defendants, and the determination of this question necessarily involved a consideration of every relief sought by the defendant association in its cross-bill.

The decree of the Circuit Court will be affirmed.

*Affirmed.*